IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
JAN 27 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DARLA GRESE, Administrator of the
Estate of KELLI MARIE GRESE, Deceased,

        Plaintiff.

v.                                      CIVIL ACTION NUMBER: 2:12cv57

UNITED STATES OF AMERICA,

        Defendant.

SERVE:    Civil Process Clerk
              United States Attorney's Office
              8000 World Trade Center
              101 West Main Street
              Norfolk, VA 23510

              U.S. Attorney General
              U.S. Department of Justice
              950 Pennsylvania Avenue, N.W.
              Washington, D.C. 20530-0001

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant for the following:

1.    The Plaintiff, Darla Grese, is the administrator of the estate of the decedent, Kelli Marie Grese.

2.    This claim arises out of medical care provided to the decedent by employees of the United States of America through the Department of Veterans Affairs Hampton VA Medical Center from the late 1990s through her death on November 12, 2010.

Case 4:12-cv-00049-MSD-TEM Document 1 Filed 01/27/12 Page 2 of 6 PageID# 2

3. The Plaintiff, as the administrator of the decedent's estate, filed a Form 95 with the Department of Veterans Affairs on May 20, 2011.

4. That form was received by various entities on either May 23, 2011 or May 24, 2011.

5. On September 30, 2011, the Department of Veterans Affairs notified the estate that the administrative tort claim had been denied.

6. This claim is being brought within six months of that September 30, 2011, denial.

7. This claim is being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et al.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. This is a medical malpractice claim arising out of medical care provided to the Plaintiff's decedent by various employees/agents of the United States of America.

11. Beginning in the late 1990s and continuing up until her death, the Plaintiff's decedent was under the care of various healthcare providers employed by the United States of America who provided medical care to her.

12. At all relevant times, those healthcare providers owed a duty to the Plaintiff's decedent to provide her that degree of care and skill required of a reasonably prudent healthcare provider practicing in Virginia at that time.

13. Notwithstanding the above obligations, the Defendant, through its employees/agents, breached the applicable standard of care owed to the Plaintiff's decedent in that, among other things, they prescribed dangerous drugs to her, they did

2

not adequately supervise those drugs, they did not adequately monitor those drugs and they prescribed those drugs in an excessive amount.

14. At various times during her treatment, the Plaintiff's decedent was diagnosed with major depression, post-traumatic stress disorder, and being suicidal.

15. At various times during her treatment with the Department of Veterans Affairs, the Plaintiff's decedent was admitted to outside psychiatric hospitals.

16. Through 2008, the Plaintiff's decedent suffered various mental issues that were treated with medication and counseling by employees/agents of the United States of America.

17. In 2008, the Plaintiff's decedent was diagnosed as suffering from attention deficit disorder and was prescribed various stimulants.

18. This was on top of her diagnosis of post-traumatic stress disorder, depression and substance abuse.

19. In March 2009, while still under the care of the United States of America, the Plaintiff's decedent was admitted to Virginia Beach Psychiatric Center where it was documented that she was suffering from severe depression and was a suicide risk and it was specifically noted that "[t]he patient also thinks that people are against her and they are trying to hurt her. She also has felt that the CIA was tracking her daily activities and that her whole house is being taped."

20. It was the opinion of the treating physician at that time that she was suffering from paranoid delusions, major depression, recurrent with psychotic features.

21. Upon release from Virginia Beach Psychiatric Center, the Plaintiff's decedent continued her treatment with the Department of Veterans Affairs but there

were no changes in her treatment plan despite the obvious and clear deterioration in her psychological functioning.

22. In 2010, it was noted by employees/agents of the United States of America that the Plaintiff's decedent had become psychotic secondary to Adderall (which had been prescribed by the VA).

23. Later in 2010, it was noted that Plaintiff's decedent was hearing voices, that she was very paranoid, that she had current suicidal ideas and had a suicide plan.

24. Despite all of this, there was no change in the treatment plan to address those issues and, in fact, the ultimate source of her suicide, Seroquel, was continued.

25. Ultimately in 2010, the Plaintiff's decedent attempted to commit suicide by taking an overdose of Seroquel. This was noted in her VA records and she was noted to be a continued "moderate risk for suicide."

26. Later in 2010, the Department of Veterans Affairs diagnosed the Plaintiff's decedent as bipolar with psychotic features.

27. Ultimately, on November 10, 2010, the Plaintiff's decedent took her own life.

28. At the time Plaintiff's decedent took her own life, she was clearly not of sound mind as she was suffering from paranoid psychosis, depression, delusions, hallucinations and a stated desire to commit suicide.

29. The employees/agents of the United States of America breached the applicable standard of care in regard to the Plaintiff's decedent in that, among other things, by making a diagnosis of attention deficit disorder and prescribing stimulants

4

which adversely affected the decedent without first doing any psychological testing or mental status examination.

30. The stimulants which were prescribed to address this diagnosis were steadily increased without proper monitoring and ultimately led to a development of a paranoid psychosis.

31. The employees/agents of the United States of America failed to effectively communicate or at times communicate at all with outside civilian psychiatrists who they knew or should have known were treating the Plaintiff's decedent.

32. The employees/agents of the United States of America failed to address and/or change the decedent's treatment plan despite significant changes in her mental outlook and a continuing deterioration over the years of her mental stability.

33. The employees/agents of the United States of America breached the standard of care by continuing the Plaintiff's decedent on Seroquel, a drug on which she ultimately ended her life, despite the fact that this drug is known to increase the risk of suicide and despite the fact that she had documented at least two clear attempts of suicide.

34. The Defendant's employees/agents breached the applicable standard of care by dispensing two one-month prescriptions of Seroquel to the Plaintiff's decedent within two days immediately before she took all of the Seroquel and committed suicide.

35. The Plaintiff's decedent is survived by her mother, father and sister.

36. The Plaintiff's decedent's death was a direct result of the negligence and malpractice of the employees/agents of the United States of America and would have

been avoided and prevented had the employees/agents met the applicable standard of care and treated her appropriately.

WHEREFORE, the Plaintiff, on behalf of the estate, prays for judgment and execution against the Defendant for all of those things set forth in the Virginia Wrongful Death Statute in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus pre and post-judgment interest, plus all of her costs in proceeding with this matter.

                                      DARLA GRESE, Administrator of the
                                      Estate of KELLI MARIE GRESE,
                                      Deceased

By_____
                                      Of Counsel

Robert J. Haddad, Esquire
Virginia State Bar No. 22298
SHUTTLEWORTH, RULOFF, SWAIN,
   HADDAD & MORECOCK, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
(757) 671-6035
Fax: (757) 671-6004