IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

DARLA GRESE, Administrator of the
Estate of Kelli Marie Grese, Deceased,

    Plaintiff,

v.                                                                              Civil Action No. 4:12cv-49

UNITED STATES OF AMERICA,

    Defendant.

## ANSWER

Defendant United States of America, for its Answer, states as follows:

1.    It admits the allegations contained in paragraph 1 upon information and belief.

2.    It admits that, through its employees at the Department of Veterans Affairs Hampton Medical Center, it provided medical care to decedent at various times from the late 1990's to November 2012, as alleged in paragraph 2, but denies the remaining allegations contained in said paragraph, and denies that plaintiff has any claim arising out of that medical care.

3.    It admits the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, and 9.

4.    Paragraph 10 states plaintiff's characterization of her claim, and accordingly defendant denies the allegations contained in said paragraph.

5.    In response to the allegations contained in paragraph 11, it admits that decedent was discharged from the United States Navy on or about August 2, 1997, and thereafter at

various times until her death on November 12, 2010, received medical care from employees of the Department of Veterans Affairs, among others. It denies all other allegations contained in said paragraph.

6.  While paragraph 12 states a legal conclusion to which no answer is required, defendant admits that health care providers in Virginia owed a duty to decedent to provide her that degree of care and skill required by law.

7.  It denies the allegations contained in paragraph 13.

8.  In response to the allegations contained in paragraph 14, it admits that, at various times during her treatment decedent was diagnosed with post-traumatic stress disorder and being suicidal. It denies the remaining allegations contained in said paragraph.

9.  It admits the allegations contained in paragraph 15 upon information and belief.

10. It denies the allegations contained in paragraph 16, as stated, but admits that, at various times between June 1998 and November 2010, decedent was provided with medical and psychological care from Department of Veterans Affairs employees, among others, whose treatment included medication and counseling.

11. At this point it is without knowledge of the truth of the allegations contained in paragraphs 17, 18, 19 and 20, and accordingly denies the same.

12. It denies the allegations contained in paragraph 21 as stated.

13. It denies the allegations contained in paragraph 22.

14. In response to the allegations contained in paragraph 23, it admits that, in 2010, its medical records reflected that decedent claimed she was hearing voices, was paranoid, and had current suicide ideas. It denies the remaining allegations contained in said paragraph.

15. In response to the allegations contained in paragraph 24, it admits that defendant continued decedent's Seroquel prescription during 2010. It denies the remaining allegations contained in said paragraph.

16. In response to the allegations contained in paragraph 25, it admits that in 2010 plaintiff reported that decedent took an overdose of Seroquel, that this was noted in her VA records, and that it was noted that she continued to be a moderate risk of suicide. Defendant is without sufficient knowledge of the truth of the allegations sufficient to admit or deny what "Ultimately in 2010" means, and whether decedent attempted to commit suicide at the particular point in time that such reference refers to; therefore that part of said paragraph is denied.

17. In response to the allegations contained in paragraph 26, it admits that Department of Veterans Affairs employees diagnosed decedent as bipolar with psychotic features in 2010, although it is without knowledge as to what plaintiff means by "later in 2010," and accordingly denies that part of said paragraph.

18. It denies the allegations contained in paragraph 27, and is without knowledge of the truth of the allegations that decedent took her own life on November 12, 2010, and accordingly denies the same.

19. It is without knowledge of the truth of the allegations contained in paragraph 28, and accordingly denies the same.

20. It denies the allegations contained in paragraphs 29, 30, 31, 32, 33, and 34.

21. It is without knowledge of the truth of the allegations contained in paragraph 35, and accordingly denies the same.

22. It denies the allegations contained in paragraph 36.

23. It denies all allegations in the complaint not specifically admitted.

24. The complaint fails to state a claim upon which relief can be granted.

25. Plaintiff's claim is limited by the provisions of Va. Code § 8.01-581.15.

26. Plaintiff's claim for pre-judgment interest is barred by 28 U.S.C. § 2674.

27. The injuries claimed in this case, if any, were caused or contributed to be caused by a party other than defendant, therefore the claims against the United States are barred.

28. Any claim, or portion of a claim, which was not presented to the Department of Veterans Affairs in writing, pursuant to 28 U.S.C. § 2675, is barred.

29. It is entitled to any offsets authorized by law, including any non-collateral source payments made by the United State to plaintiff or decedent's beneficiaries, or otherwise on behalf of decedent, because of the injury claimed.

WHEREFORE, having fully answered, defendant United States of America requests judgment i its favor, its costs, and whatever other remedy the Court deems just.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:   /s/
Lawrence R. Leonard
Managing Assistant United States Attorney
Virginia State Bar # 37995
Attorney for Defendant
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
(757) 441-6331 Office
(757) 441-6689 Fax
lawrence.leonard@usdoj.gov

By:  /s/
  Mark A. Exley
  Assistant United States Attorney
  Virginia State Bar No. 23226
  Attorney for Defendant
  8000 World Trade Center
  101 West Main Street
  Norfolk, Virginia 23510
  (757) 441-6331 Office
  (757) 441-6689 Fax
  mark.exley@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert J. Haddad, Esq.
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23451
rhaddad@srgslaw.com

 /s/
Lawrence R. Leonard
Managing Assistant United States Attorney
Virginia State Bar No. 37995
Attorney for Defendant
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757- 441-6331 Office
757-441-6689 Fax
lawrence.leonard@usdoj.gov