IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DARLA GRESE, Administrator of the
Estate of KELLI MARIE GRESE, Deceased,

        Plaintiff,

v.                              CIVIL ACTION NUMBER: 4:12cv-49

UNITED STATES OF AMERICA,

        Defendant.

## PLAINTIFF'S ANSWER TO
## DEFENDANT'S SECOND SET OF INTERROGATORIES

COMES NOW the Plaintiff and for her answer to the Second Set of

Interrogatories of the Defendant, state as follows:

1.      With respect to the individuals identified in your attorney's June 13, 2012

letter addressed to Lawrence R. Leonard, Esq., Managing Assistant United States

Attorney, copy attached, specifically:

      a.      Dr. Walter Mostek
      b.      Dr. Christian DeFillippo
      c.      Dr. Steven Cunningham
      d.      Dr. William McDaniel
      e.      Dr. Martha Guyon
      f.      Sarah Salamon, MC3
      g.      Grant Yoder, Psychiatric Resident
      h.      Dr. Gregory Briscoe
      i.      Uche M. Umejei, FNP
      j.      Dr. Larisa Allakhverdove

describe each negligent act or omission allegedly committed by each person listed

above which Plaintiff contends proximately caused the decedent's death by describing:

Exhibit 5

i.      The date and time of the negligent act or omission alleged committed by that person;

ii.     The negligent act or omission committed by that person;

iii     What Plaintiff contends should have been done by that person in order to comply with the relevant standard of care;

iv.     What facts and medical considerations dictated what that person should have done in order to comply with the relevant standard of care; and

v.      How that negligent act or omission caused the decedent's death.

**ANSWER:**    While Plaintiff contends that there were numerous healthcare providers (those listed previously and those inquired about through the Defendant's interrogatory) who negligently treated her, the only physician to which the Plaintiff will point at trial whose negligence "proximately caused" the decedent's death will be Dr. William McDaniel.   Dr. McDaniel treated Ms. Grese beginning in 2010 and continued to treat her until her death in November 2010.  Dr. McDaniel failed to appreciate and/or appropriately respond to Ms. Grese's repeated suicide attempts through the use of Seroquel.  Despite notations in the medical records that there needed to be changes in her treatment plan and that the "means" for her to commit suicide had to be limited, Dr. McDaniel continued to prescribe Seroquel and really took no steps to alter her treatment plan.  As a matter of fact, when Ms. Grese was released from the VA in October 2010, there was no real change in her treatment regimen.  The only notation in the record was that she was to follow up for weekly group sessions for substance abuse and intermittent psychiatric visits for renewal of her prescriptions.

2

Exhibit 5

There was no plan in place for treatment of her multiple other psychiatric disorders or her recurrent suicidality.

Additionally, Dr. McDaniel not only wrote a prescription for Seroquel on October 19, 2010,  but he specifically, by his own testimony, contacted the pharmacist on October 20, 2010, and told him to deliver directly to Ms. Grese a month's supply of Seroquel even though he knew that a second month's supply of Seroquel was being delivered to her home.

Dr. McDaniel simply provided Ms. Grese with the means available to commit suicide despite the obvious red flags indicating that she would, in fact, avail herself of those means.

While it's clear that Ms. Grese received treatment below the standard of care from numerous individuals employed by the Veterans Administration, at the end of the day Dr. McDaniel was the doctor whose treatment led directly to her suicide and who had the last and best chance to alter the course of treatment for Ms. Grese which would have prevented her suicide.  Without Dr. McDaniel's negligence, Ms. Grese's suicide would have been prevented.

To the extent that it becomes relevant at trial, the Plaintiff will also present testimony that other employees of the Defendant were negligent in their treatment of Ms. Grese, which negligence ultimately led to her psychotic condition and which ultimately played a role in her death.  In other words, the Plaintiff will present testimony that the employees of the Defendant in effect made the Plaintiff crazy and that at the time of her death she was crazy.  However, to the direct question of which employee of the Defendant is directly responsible for the decedent's death, the answer to that

3

Exhibit 5

question is Dr. McDaniel because he had the last and best opportunity to prevent her death despite the negligence of others before him.

Additionally, the Plaintiff does not want to in any way limit the testimony of her expert witnesses that has previously been designated.  To the extent that those designations expound upon this answer or add information to this answer, the Plaintiff adopts those designations as part of this answer.

2.      With respect to any other negligent act or omission not described in response to the preceding interrogatory that Plaintiff contends proximately caused decedent's death, describe:

  i.      The name of the person who allegedly committed a negligent act or omission;

  ii.     The date and time of the negligent act or omission allegedly committed by that person;

  iii.    The negligent act or omission committed by that person;

  iv.     What Plaintiff contends should have been done by that person in order to comply with the relevant standard of care;

  v.      What facts and medical considerations dictated what that person should have done in order to comply with the relevant standard of care; and

  vi.     How that negligent act or omission caused the decedent's death.

  **ANSWER:**    Not applicable.

4

Exhibit 5

DARLA GRESE, Administrator of the
Estate of KELLI MARIE GRESE,
Deceased

By_____
              Of Counsel

Robert J. Haddad, Esquire
Virginia State Bar No. 22298
SHUTTLEWORTH, RULOFF, SWAIN,
   HADDAD & MORECOCK, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
(757) 671-6036
Fax: (757) 671-6004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was forward via facsimile
and mailed, first-class, postage prepaid, this _20_ day of August 2012, to Lawrence R.
Leonard, Managing Assistant United States Attorney, and Mark A. Exley, Assistant
United States Attorney, 101 West Main Street, Suite 8000, Norfolk, VA 23510.

_____
     Robert J. Haddad, Esquire

5

Exhibit 5