IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DARLA GRESE, Administrator of the
Estate of KELLI MARIE GRESE, Deceased,

      Plaintiff,

v.                                          CIVIL ACTION NUMBER: 4:12cv-49

UNITED STATES OF AMERICA,

      Defendant.

### PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

      Plaintiff, by counsel, hereby submits her proposed findings of fact and conclusions of law.

### FINDINGS OF FACT

      This Court finds the following:

      1.      Kelli Grese was a military veteran who over the last years of her life received psychological and physical treatment through the Department of Veterans Affairs.

      2.      During the last year of her life, Kelli Grese attempted to commit suicide on three separate occasions: March 12, 2010, May 9, 2010 and May 27, 2010.

      3.      On each of those three occasions where Kelli Grese attempted to commit suicide during the last year of her life, she did so through an ingestion of a large quantity of Seroquel.

      4.      The United States, through its employees, was aware of Ms. Grese's three attempts at suicide via an ingestion of Seroquel during the last year of her life.

      5.      On October 19, 2010, Dr. William McDaniel, an employee of the United States, increased Kelli Grese's supply of Seroquel from a 30-day to a 60-day supply.

6. On October 20, 2010, Dr. McDaniel directed that Ms. Grese be given an immediate refill of the 60-day supply of Seroquel which he had just prescribed the day before.

7. At the time Dr. McDaniel directed that Kelli Grese receive that immediate refill, he was aware that she would have in her possession a full 120-day supply of Seroquel within the week.

8. Ms. Grese did, in fact, receive and have available to her a 120-day supply of Seroquel by the end of October 2010.

9. Ms. Grese committed suicide by ingesting all or a large portion of that 120-day supply of Seroquel on or about November 12, 2010.

10. The standard of care required that after three failed suicide attempts through the ingestion of a large quantity of Seroquel that the United States, through its employees, try another antipsychotic medication for Ms. Grese.

11. The standard of care required that after three failed suicide attempts through the ingestion of a large quantity of Seroquel that the employees of the United States limit Ms. Grese's access to Seroquel.

12. At the time Ms. Grese committed suicide, she was psychotic.

13. At the time Ms. Grese committed suicide, she was not of sound mind.

## **CONCLUSIONS OF LAW**

The Court makes the following findings in regards to conclusions of law:

1. At the time she committed suicide, the decedent, Kelli Grese, was psychotic and was of unsound mind and, therefore, was not capable of knowing right from wrong, nor was she

capable of controlling her actions.  As such, the estate is not barred from recovering for the decedent's suicide.

2.  The standard of care required that after the decedent tried to commit suicide on three separate occasions through an ingestion of a large quantity of Seroquel that a different antipsychotic medication be tried for her.  The standard of care was breached when the United States, through its employees, did not attempt to substitute another antipsychotic medication for the Seroquel after she had tried to commit suicide on three separate occasions.

3.  The standard of care required that after Ms. Grese attempted to commit suicide on three separate occasions through an ingestion of a large quantity of Seroquel that the United States, through its employees, limit her access to the amount of Seroquel that she had at any one time.  The standard of care was breached when the United States, through its employees, gave the decedent a quadruple supply of Seroquel in the days leading up to her death.

4.  The decedent's suicide was caused directly from the above breaches of the standard of care.

5.  The government is liable to the estate for the decedent's death.

6.  The beneficiaries of the decedent's estate are the decedent's mother, Patricia Grese; the decedent's father, Andrew F. Grese; the decedent's brother, Andrew P. Grese; and the decedent's twin sister, Darla Grese.

Respectfully submitted,

/s/
Robert J. Haddad, Esquire
VSB No. 22298
Attorney for Darla Grese, Administrator of
the Estate of Kelli Marie Grese, Deceased
SHUTTLEWORTH, RULOFF, SWAIN,
 HADDAD & MORECOCK, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of October 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mark A. Exley, Assistant United States Attorney, and I hereby certify that I have mailed the document to the following non CM/ECF participants: None.

Respectfully submitted,

/s/
Robert J. Haddad, Esquire
VSB No. 22298
Attorney for Darla Grese, Administrator of
the Estate of Kelli Marie Grese, Deceased
SHUTTLEWORTH, RULOFF, SWAIN,
 HADDAD & MORECOCK, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com